UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ATAULLAH SYED,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **AFTEX PERSONAL CARE SERVICES, INC., FRANCES N. NWORA & LAWRENCE N. NWORA** | § § § § § | JURY TRIAL DEMANDED |
| **Defendants.** | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff ATAULLAH SYED (hereinafter, "Plaintiff") bringing this action to recover unpaid overtime wages from defendants AFTEX PERSONAL CARE SERVICES, INC., FRANCES N. NWORA and LAWRENCE N. NWORA (collectively, "Defendants"). In support thereof, she would respectfully show the court as follows:

**I. Nature of Suit**

1.1  Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-219 ("FLSA").

1.2  The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers…" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. § 206(a), 207(a), 211(c).

1.3 At all material times, Defendants were employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

1.4 Defendants controlled the nature, pay structure, and employment relationship of Plaintiff and all other similarly situated employees.

1.5 Further, defendants FRANCES N. NWORA and LAWRENCE N. NWORA had, at all times relevant to this lawsuit, the authority to hire and fire AFTEX PERSONAL CARE SERVICES, INC.'s employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

1.6 Additionally, FRANCES N. NWORA and LAWRENCE N. NWORA were responsible for the day-to-day affairs of the business.

1.7 In particular, FRANCES N. NWORA and LAWRENCE N. NWORA were responsible for determining whether AFTEX PERSONAL CARE SERVICES, INC complied with the Fair Labor Standards Act.

1.8 As such, pursuant to 29 U.S.C. § 203(d), FRANCES N. NWORA and LAWRENCE N. NWORA acted directly or indirectly in the interest of Plaintiff and all other similarly situated employees' employment as their employer, which makes FRANCES N. NWORA and LAWRENCE N. NWORA individually liable under the FLSA.

1.9 Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours…at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

1.10    Defendants' employees, including Plaintiff, worked in excess of 40 hours a week, but Defendants refused to compensate them as required under the FLSA for hours they work in excess of forty.

1.11    Plaintiff brings this action under 29 U.S.C. § 216(b) to recover unpaid overtime wages.

## II. Jurisdiction & Venue

2.1    The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

2.2    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1),(2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

3.1    Ataullah Syed is an individual who resides in Houston, Texas and who has been employed by Defendants.

3.2    Aftex Personal Care Services, Inc. (hereinafter, "Aftex") is a domestic for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent, Frances N. Nwora, at the registered office address, 8323 Southwest Freeway, Ste. 500, Houston, Texas 77074.

3.3    Frances N. Nwora and Lawrence N. Nwora, husband and wife, are individuals who reside in Houston, Texas and may be served with process at 8323 Southwest Fwy, # 500, Houston, TX 77074, or wherever they may be found.

3.4     Whenever it is alleged that Aftex committed any act or omission, it is meant that Aftex's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Aftex, or was done in the routine and normal course and scope of employment of Aftex's officers, directors, vice-principles, agents, servants or employees.

## IV.  Facts

4.1     Aftex is a third party employer that employs home care workers.

4.2     Aftex's home care workers provide in-home supportive care and domestic services for the elderly, ill and infirm.

4.3     Plaintiff was employed by Aftex as a home care worker from approximately December of 2016 to October of 2021.

4.4     During Plaintiff's employment he was engaged in commerce under the FLSA.

4.5     Plaintiff is a covered worker under Section § 207(l) of the FLSA.

4.6     Aftex paid Plaintiff on an hourly basis.

4.7     Plaintiff regularly worked in excess of forty hours per week.

4.8     Aftex knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

4.9     Aftex did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

4.10    Aftex knew or showed reckless disregard for whether its pay practices violated the FLSA.

4.11    Aftex is liable to Plaintiff for his unpaid overtime wages, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### V.     Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

5.1     Plaintiff adopts by reference all of the facts set forth above.

5.2     Plaintiff was a nonexempt employee of Defendants.

5.3     As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

5.4     Defendants did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

5.5     If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the FLSA.

5.6     Defendants knew or showed reckless disregard for whether their pay practices violated the overtime requirements of the FLSA.

### VI. Jury Demand

6.1     Plaintiff hereby demands a trial by jury.

### VII. Prayer

7.1     Plaintiff prays for the following relief:

   a.   judgment awarding all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   b.   prejudgment interest at the applicable rate;

   c.   postjudgment interest at the applicable rate; and

   d.   all such other and further relief to which Plaintiff may show he is justly entitled.

Respectfully submitted,

**WYLY & COOK, PLLC**

By: \_/s/ *Warren A. Berlanga*_____
Warren A. Berlanga
wberlanga@wylycooklaw.com
State Bar No. 24085199
S.D. Tex. Bar No: 2611869
Kelly E. Cook
kcook@wylycooklaw.com
State Bar No. 24062675
S.D. Tex. Bar No: 1022069
1415 North Loop West, Suite 1000
Houston, TX 77008
Telephone: (713) 236-8330
Facsimile: (713) 863-8502
**Counsel for Plaintiff**