United States District Court
Southern District of Texas
**ENTERED**
April 15, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ATAULLAH SYED, et al., § | |
| § | |
| *Plaintiffs*, § | |
| v. § | CIVIL ACTION NO. 4:22-cv-4009 |
| § | |
| AFTEX PERSONAL CARE SERVICES, INC., § | |
| FRANCES N. NWORA, and LAWRENCE N. § | |
| NWORA, § | |
| § | |
| *Defendants*. | |

## ORDER

Pending before the Court is Plaintiffs Ataullah Syed, Momin Usmani, Mubina Usmani, and Motih Usmani's (collectively, "Plaintiffs") Motion for Summary Judgment. (Doc. No. 35). Defendants Aftex Personal Care Services, Inc., Frances N. Nwora, and Lawrence N. Nwora (collectively, "Defendants") responded in opposition (Doc. No. 47), and Plaintiffs replied (Doc. No. 51). Having considered the Motion for Summary Judgment, response, reply, and the evidence, the Court **GRANTS in part** and **DENIES in part** the Plaintiff's Motion. (Doc. No. 35).

### I.     Background

Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"). Defendant Aftex Personal Care Services, Inc. ("Aftex") is an agency that employs home care workers to provide domestic services for the elderly, such as cleaning and running errands. (Doc. No. 35-1 at 7). Defendants Frances and Lawrence Nwora (the "Individual Defendants") are the sole principals of Aftex. (*Id.* at 5). Aftex employed Plaintiffs as home care workers at various times. (Doc. No. 35 at 11). Two of Aftex's clients are Hafezullah Syed and Shimina Khanam, Plaintiff Syed's parents. (Doc. No. 35-1 at 13). Each Plaintiff is related to Plaintiff Syed and his parents in some fashion.

1

(Doc. No. 47 at 2). The parties agree that Aftex employed Plaintiffs specifically to care for Plaintiff Syed's parents.

Plaintiffs contend that they routinely worked more than forty hours per week, with some Plaintiffs working nearly 200 hours in a two-week period. (*Id.*). Aftex allegedly paid Plaintiffs an hourly wage with no overtime premium. (*Id.*). Consequently, Plaintiffs brought suit against Defendants, alleging that they violated the FLSA when Aftex refused to pay them overtime wages for all hours worked in excess of forty hours in a workweek. (*Id.*); *See* 29 U.S.C. § 207. Defendants, on the other hand, deny these allegations and raised three affirmative defenses: 1) Eleventh Amendment sovereign immunity; 2) failure to state a claim upon which relief can be granted; and 3) that Plaintiffs lack standing to pursue the asserted claims. Plaintiffs now seek summary judgment on their claims, as well as to dismiss Defendants' affirmative defenses. (Doc. No. 35).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all

reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.　Analysis

#### A. FLSA Claim

Section 207 of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To establish a violation of Section 207, a plaintiff employee must show: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Plaintiffs contend that they have established all of the elements as a matter of law.

####　　　i.　　*Employer-Employee Relationship*

In order to recover unpaid overtime wages under the FLSA, Plaintiffs must be employees of Defendants. Defendants do not dispute that Plaintiffs were employees of Aftex. They do, however, dispute whether Plaintiffs were employees of the Individual Defendants.

3

The Supreme Court has termed the Act's employer definition "expansive" and has held that "managerial responsibilities" and "substantial control of the terms and conditions of the [employer's] work" create statutory employer status. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–72 (5th Cir. 1984) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). The test originates in the Supreme Court's holding that "economic reality" should govern the determination of employer status under the FLSA. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). "[E]ach element need not be present in every case." *Gray*, 673 F.3d at 357. In cases where there may be more than one employer, this court "must apply the economic realities test to each individual or entity alleged to be an employer." *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990).

Plaintiffs have proffered sufficient, uncontroverted evidence to establish that Frances Nwora, but not Lawrence Nwora, is Plaintiffs' employer as a matter of law. The evidence demonstrates that the Individual Defendants were *Aftex*'s Administrators. (Doc. No. 35-1 at 6). As Administrators, the Individual Defendants saw to the "day-to-day running of the business." (*Id.*).

4

This includes handling the payroll decisions related to the Plaintiffs, reporting the hours worked by Plaintiffs for reimbursement by the State of Texas, and overseeing the human resources, legal, and accounting decisions. (*Id.* at 7, 17). Although the Individual Defendants share the same title, the evidence demonstrates that Lawrence Nwora is only involved in making the decisions for the company when Frances Nwora is unavailable, and there is no evidence to suggest how often that may occur. (*Id.* at 6). In fact, Frances Nwora testified that she is the "major decision maker." (*Id.*). Thus, it cannot be said, as a matter of law, that Lawrence Nwora is Plaintiffs' employer. Frances Nwora, on the other hand, is clearly Plaintiffs' employer, as defined by the FLSA. *See Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) ("[T]he FLSA's definition of employer is 'sufficiently broad to encompass an individual who, though lacking a possessory interest in the "employer" corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees.'").

Defendants feeble attempt to rebut this evidence is both unsupported and unpersuasive. Defendants only argument, though vague, is that Plaintiffs must pierce the corporate veil of Aftex to hold Frances and Lawrence Nwora independently liable. Not so. "[T]hose who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Gray*, 673 F.3d at 355–57 (also finding that "employer status may be appropriate where operational control coincides with one's position as a shareholder, officer, or owner," and examining whether a member of an LLC was the plaintiff's employers using the economics reality test). The undisputed evidence demonstrates that Aftex and Frances Nwora are employers of Plaintiffs. There is an issue of material fact whether Lawrence Nwora is Plaintiffs' employer.

5

### ii. Activities Within the Coverage of the FLSA

The employee bears the burden of establishing entitlement to the FLSA's protections. *See Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam). To establish this, an employee must demonstrate that: (1) she personally engaged in commerce or the production of goods for commerce ("individual coverage") or (2) she worked for an enterprise engaged in such activity ("enterprise coverage"). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). Plaintiffs contend that they have conclusively established that they satisfy the "individual coverage" requirement. (Doc. No. 35 at 15).

The FLSA recognizes that "the employment of persons in domestic service in households affects commerce." 29 U.S.C. § 202(a)(5). "The term domestic service employment means services of a household nature performed by an employee in or about a private home (permanent or temporary)." 29 C.F.R. § 552.3. It includes "services performed by employees such as . . . nurses . . . caretakers . . . home health aides, [and] personal care aides." *Id.*

Defendants do not appear to challenge the assertion that Plaintiffs are entitled to individual coverage. Nonetheless, Plaintiffs have provided evidence that they provided domestic service in private households as part of their employment. (Doc. No. 35-1 at 7). As such, Plaintiffs have established, as a matter of law, that they are covered under the FLSA's individual coverage provision.

### iii. Violations of the FLSA's Overtime Wage Requirements

As noted above, the FLSA requires that, absent an exemption, employers must pay employees at a rate not less than one and one-half times the regular rate of pay for any hours the employees work in excess of forty during the workweek. 29 U.S.C. § 207(a)(1). "An employer bears the burden of proving that an employee is ineligible for overtime or minimum-wage

6

compensation." *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580 (5th Cir. 2013). In addition, an FLSA exemption is an affirmative defense that must be pled. *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 2013).

Defendants have not pleaded any FLSA exemption or exception in their answer as an affirmative defense, nor have they raised such an argument in their response. Instead, Defendants offers two theories as to why they did not violate the FLSA's overtime wage requirement: 1) that it was a condition precedent for offers of employment by Aftex that Plaintiffs waived any right to overtime wages; and 2) that, akin to their affirmative defense of Eleventh Amendment sovereign immunity, they are agents of the State of Texas, and since the State of Texas is not required to pay overtime, neither are they. Both arguments are without merit.

As to Defendants' first argument—that Plaintiffs waived their right to overtime wages—the Supreme Court has repeatedly addressed this issue. The Court has held "that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945); *see D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114–116 (1946); *see also Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42 (1944). Accordingly, an individual employee's right to overtime pay is not waivable. *Barrentine*, 450 U.S. at 740. Thus, since there can be no evidence that would be sufficient to prove that Plaintiffs validly waived their right to overtime wages, Defendants' first argument fails as a matter of law.

With respect to Defendants' second argument—that they are not required to pay overtime as they are agents of the State of Texas—Defendants proffer no evidence to support this contention. Defendants allege that the State of Texas does not pay overtime wages. (Doc. No. 47 at 6). They

7

further contend that, without proffering any evidence in support, they cannot be held liable to pay Plaintiffs' the alleged overtime wages because Aftex is a sub-agent of the State of Texas. Thus, Defendants contend that because the State of Texas does not have to pay overtime wages, and Aftex is allegedly a sub-agent of the State of Texas, they do not have to pay overtime wages either.

In addition to failing to proffer evidence to that effect, Defendants also do not cite any statute or caselaw that exempts the State of Texas, and therefore apparently them, from paying overtime wages. This is most certainly because it is impossible to find law that supports such a proposition. In fact, in a recent, widely publicized case, the State of Texas brought suit against the United States Department of Labor. *Texas v. United States Dep't of Lab.*, 738 F. Supp. 3d 807 (E.D. Tex. 2024). There, the State sought to enjoin a recent regulation from going into effect because the State "employs individuals who are currently exempt from overtime but who will become non-exempt" due to the new regulation, causing the State to have to pay overtime to additional employees. *Id.* at 816. Thus the State of Texas has taken the position that it must, under some circumstances, pay overtime wages. (Doc. No. 47 at 6).

Though unclear, it may be Defendants' argument that Aftex's clients (Plaintiff Syed's parents) qualify for a certain number of hours of care from Medicaid, and Medicaid (which Defendants' describe as a "Texas sponsored program") will not pay Aftex for services provided over those hours. Again, the Court was not provided evidence in this regard, nor was it provided with any legal authority that would support Defendants' claim. Nonetheless, the FLSA requires that *employers* pay employees at a rate not less than one and one-half times the regular rate of pay for any hours the employees work in excess of forty during the workweek. 29 U.S.C. § 207(a)(1) (emphasis added). Here, Aftex concedes that it is Plaintiffs' employer. (Doc. No. 47 at 3). As such, the FLSA specifies that Aftex is the party responsible, not the State of Texas. The source of Aftex's

8

funding to pay its employees does not affect its duty to pay its employees in accordance with federal law.[1]

Apart from Defendants' two arguments that they were not required to pay overtime, they contend that Plaintiffs' Motion for Summary Judgment fails because Plaintiffs have not proven, as a matter of law, that they worked any overtime hours. Defendants allege that Plaintiffs repeatedly miscalculated the number of hours worked. (Doc. No. 47 at 2). For example, Defendants state that when Plaintiff Syed provided services for his parents, he would log five hours for each parents, expecting to be paid ten hours for five total hours of work. (*Id.*). Though Defendant Frances Nwora's affidavit does not explicitly state this, the affidavit provides evidence such that the Court cannot find that Defendants violated the FLSA as a matter of law. (Doc. No. 48-1 at 6) ("Both clients lived in the same house and received services concurrently from the Plaintiff."). Since the Court cannot determine whether Defendants violated the FLSA at this stage, it also cannot find that Defendants' violation was willful, as suggested by Plaintiffs. (Doc. No. 35 at 19).

    *iv.*   *Compensation Owed to Plaintiffs*

Lastly, Defendants contend that Plaintiffs' Motion for Summary Judgment must be denied because Plaintiffs' have not proven, as a matter of law, that they correctly calculated their alleged overtime hours worked. Since Defendants raised a genuine issue of material fact as to whether Plaintiffs' worked overtime, the Court cannot find that any alleged compensation owed to Plaintiffs is calculable as a matter of law at this stage.

---

[1] Defendants also suggest that the Court must look at how Plaintiffs' services are billed in order to determine if Defendants owe overtime wages, if any. (Doc. No. 47 at 4). Defendants contend that Aftex has a unique billing code for three types of services performed (which they categorize as "regular, protective, and respite"). (*Id.*). They conclude that the three types of hours must be "looked at individually" when determining how many hours are worked by an employee. (*Id.*). The Court disagrees. Nowhere does the FLSA suggest that how an employer codes the employee's time should affect whether the employee earns overtime wages. To agree with Defendants would be to allow employers to circumvent the FLSA's intended protections by simply altering their billing practices. Thus, the Court finds that this argument is also without merit.

## B. Affirmative Defenses

While Plaintiffs are not entitled to summary judgment on their FLSA claims, they are entitled to summary judgment on Defendants' affirmative defenses. As previously noted, Defendants asserted three affirmative defenses in their Answer: 1) Eleventh Amendment sovereign immunity; 2) failure to state a claim upon which relief can be granted; and 3) that Plaintiffs lack standing to pursue the asserted claims.

Defendants are not entitled to Eleventh Amendment sovereign immunity. "Sovereign immunity bars private suits against nonconsenting states in federal court." *Haverkamp v. Linthicum*, 6 F.4th 662, 669 (5th Cir. 2021) (per curiam). Defendants contend that they enjoy the same immunity as the State of Texas because they are sub-agents "who act within the scope of the State's delegated authority." (Doc. No. 47 at 5). It is true that, "the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002). In making this determination, a court must consider six factors: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Id.*

Defendants, as the party asserting the affirmative defense, must raise a genuine issue of material fact for its defense to survive summary judgment. Defendants do not address, nor attempt to provide evidence of, the six factors. Instead, Defendants' merely state the following:

> this lawsuit is about the Medicaid Program of the State of Texas. Without the State, the program will not exist. AmeriGroup Insurance, for the purposes of the Program and this lawsuit is an agent of the State of Texas. Aftex is an agent of AmeriGroup and therefore, a sub-agent of the State.

10

(Doc. No. 47 at 5). Defendants, therefore, fail to raise a genuine issue of material fact regarding this defense. Since Defendants conclude, without support, that it is a sub-agent of Texas and do not even attempt to address the aforementioned factors, Defendants' sovereign immunity affirmative defense must be dismissed.

Similarly, the Court must dismiss Defendants' remaining affirmative defenses. Though Plaintiffs address each defense in their Motion for Summary Judgment, Defendants respond to only the argument regarding sovereign immunity. *See* (Doc. No. 47). Due to Defendants' lack of retort, and because the Court finds that the Defendants' failure to state a claim and standing defenses are without merit, the Court finds that summary judgment on each of Defendants' affirmative defenses is appropriate.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' Motion for Summary Judgment. (Doc. No. 35). The Court GRANTS Plaintiffs' Motion with respect to Defendants' affirmative defenses, that Aftex and Frances Nwora are Plaintiffs' employers, and that Plaintiffs are covered under the FLSA's individual coverage provision. The Court DENIES Plaintiffs' Motion with respect to the remaining issues. All other pending motions are hereby DENIED. (Doc. No. 31).

SIGNED at this ___ day of April, 2025.

Andrew S. Hanen
United States District Judge

(Doc. No. 47 at 5). Defendants, therefore, fail to raise a genuine issue of material fact regarding this defense. Since Defendants conclude, without support, that it is a sub-agent of Texas and do not even attempt to address the aforementioned factors, Defendants' sovereign immunity affirmative defense must be dismissed.

Similarly, the Court must dismiss Defendants' remaining affirmative defenses. Though Plaintiffs address each defense in their Motion for Summary Judgment, Defendants respond to only the argument regarding sovereign immunity. *See* (Doc. No. 47). Due to Defendants' lack of retort, and because the Court finds that the Defendants' failure to state a claim and standing defenses are without merit, the Court finds that summary judgment on each of Defendants' affirmative defenses is appropriate.

## IV.  Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' Motion for Summary Judgment. (Doc. No. 35). The Court GRANTS Plaintiffs' Motion with respect to Defendants' affirmative defenses, that Aftex and Frances Nwaora are Plaintiffs' employers, and that Plaintiffs are covered under the FLSA's individual coverage provision. The Court DENIES Plaintiffs' Motion with respect to the remaining issues. All other pending motions are hereby DENIED. (Doc. No. 31).

SIGNED at this 14th day of April, 2025.

Andrew S. Hanen
United States District Judge

11