UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ATAULLAH SYED,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-04009 |
| | § | |
| **AFTEX PERSONAL CARE SERVICES,** | § | JURY TRIAL DEMANDED |
| **INC., FRANCES N. NWORA &** | § | |
| **LAWRENCE N. NWORA** | § | |
| | § | |
| **Defendants.** | § | |

**CONSENT MOTION FOR APPROVAL OF
FAIR LABOR STANDARDS ACT SETTLEMENT AND MOTION TO DISMISS**

Plaintiffs Ataullah Syed, Momin Usmani, Motih Usmani, and Mubina Usmani file this Consent Motion to Approve Settlement and Dismiss with Prejudice and would respectfully show the Court the following:

## I.   INTRODUCTION

Plaintiff and Defendants have reached a settlement of their pending *bona fide* dispute concerning unpaid wages under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). The settlement provides compensation for unpaid wages to former employees who were alleged not to have been paid overtime wages for all hours worked over 40 in a workweek.

On November 18, 2022, Plaintiff Ataullah Syed filed this lawsuit (Doc. No. 1) under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") alleging that Defendants failed to pay wages as required by law. In their complaint, Plaintiff alleged that Defendant violated the FLSA by failing to pay him overtime as required by paying only the regular hourly rate without an overtime premium for hours worked over 40 in a week. Before

the Defendants Answered, an Amended Complaint was filed, joining Momin Usmani, Motih Usmani, and Mubina Usmani as Plaintiffs. (Doc. No. 7).

After this lawsuit was filed, the parties conducted discovery. On June 10, 2024 the Plaintiff moved for summary judgment. (Doc. No. 35). This Court granted the motion in part (as to Defendants' affirmative defenses, Frances Nwora's status as an employer, and Plaintiffs' coverage under the FLSA) and denied it in part (Lawrence Nwora's status and employer, whether any plaintiff worked overtime, and whether any violation that did occur was willful). (Doc. No. 62).

Trial was scheduled to begin May 14, 2025. (Doc. No. 63). After the Order on summary judgment and before trial the parties attended mediation with Larry Simmons who facilitated a settlement of the case. The final terms of the settlement are reflected in the Settlement Agreement which is attached hereto as Exhibit 1.

## II.     ARUGUMENTS AND AUTHORITIES

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.* Some "[c]ourts therefore have refused to enforce wholly private settlements." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)).

Instead, many courts recognize only two valid ways by which an individual can release or settle a FLSA claim: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c); or (2) a court-approved stipulation of settlement. *Lynn's Food Stores,* 679 F.2d at 1353. Settlements in the context of litigation, where there are bona fide issues in dispute and where employees

are represented by "an attorney who can protect their rights under the statute" are subject to approval by district courts "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008).

## A. The settlement provides full compensation for the claims raised in the lawsuit.

The settlement is fair and reasonable; indeed, it provides *full* compensation to the Plaintiffs. The damages were calculated based upon records of time worked by the Plaintiffs and the records showing the amount paid to each of them. The amount of the settlement is equal to the full amount calculated to be owed to the Plaintiffs under the full three-year statute of limitations plus an equal amount for liquidated damages. And Lawrence Nwora is an individual signatory and is thus individually liable for the settlement.

The recovery reached in this case is significant given the Court found fact issues on the number of hours worked by the Plaintiffs, willfulness of any violations, and the liability of Lawrence Nwora individually. (Doc. No. 62). The settlement agreement resolves all these issues in the Plaintiffs' favor. Stated another way, the individual Plaintiffs are receiving from the settlement everything they could have on their best day in court.

**B.      The attorney's fees sought are fair and reasonable.**

Additionally, the amount sought by Plaintiffs' Counsel for attorney's fees is fair and reasonable. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).  The attorney's fees provision of the FLSA exists to enable plaintiffs to employ reasonably competent lawyers and thereby, to help ensure enforcement of the substantive provisions of the Act. 29 U.S.C. §216(b).

> **1. Plaintiffs' Counsel employed his expertise in the area of wage and hour litigation, to perform significant work that yielded a highly favorable result.**

Each Plaintiff will receive cash payments representing full recovery for their alleged claims for damages including a full measure of liquidated damages. This is an outstanding recovery given the Court had already found that fact issues existed on several key elements of the Plaintiffs' case, including whether there was any overtime violation and the amount of overtime worked. (Doc. No. 62).

When evaluating a claim for attorney's fees, a party's success in the litigation is the "most critical" factor. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 574 (1992). In determining the reasonableness of the requested attorney's fee, the court in *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942, 988-89 (E.D. Tex. 2000) considered the comparative data about Rule 23 class settlements summarized by the National Economic Research Associates.  The NERA Study relied upon by the *Shaw* Court showed that the average result achieved for class members was only 7% to 11% of claimed damages. Measured against that standard, the settlement in this case is much higher. Plaintiffs' Counsel has prevailed in securing his clients a *net recovery of 100% of the damages claimed.*

Attached hereto as Exhibit 2 is the Affidavit of Kelly E. Cook. During this case, Plaintiffs' Counsel engaged in discovery, reviewed personnel records, time records, and pay records, calculated the potential damages, participated in mediation, prepared, filed and won (in part) a summary judgment motion and performed other work that resulted in a settlement. *See id*. It is important to note that Plaintiffs' Counsel will continue to work on this case in the future. *See e.g.,* Exhibit 1. Plaintiffs' Counsel will spend time fulfilling their obligations in the settlement and responding to inquiries from the Plaintiffs. *See id*.

Furthermore, the legal theories involved in this case required substantial expertise in the wage and hour field. Many attorneys would not have understood the nuanced arguments asserted, nor would they have been able to discern whether Plaintiffs even had a viable claim. Additionally, other lawyers may not have had the expertise to ascertain and evaluate the possible damage awards available to Plaintiffs in this case. Thus, the work of Plaintiffs' Counsel provided a significant benefit to the Plaintiffs. For these reasons, Plaintiffs' Counsel respectfully requests that the Court approve fee award in the settlement.

### 2. Plaintiffs' Counsel's contingency fee interest is consistent with those approved by courts in the Fifth Circuit.

Plaintiffs' Counsel undertook representation in this case on a contingency fee basis with counsel's fee being either a 40% interest in all recovery, or the amount denominated as attorney's fees in any award or settlement. Here, the settlement agreement provides apportionment of the settlement as follows:

| Plaintiff | For Damages | For Attorney's Fees | Total Settlement | Fees as percentage of total |
|---|---|---|---|---|
| Ataullah Syed | $21,462.51 | $14,371.72 | $35,834.23 | 40.1% |
| Momin Usmani | $10,679.85 | $7,183.28 | $17,863.13 | 40.2% |
| Mubina Usmani | $8,002.19 | $5,398.17 | $13,400.36 | 40.3% |
| Motih Usmani | $2,903.35 | $1,998.95 | $4,902.30 | 40.8% |

For each Plaintiff the amount of the settlement denominated as fees slightly exceeds 40% of the total settlement. Under Plaintiff's fee agreement with their counsel this means that counsel's fee is the amount denominated as attorney's fees. Nevertheless, under the settlement agreement each Plaintiff still receives 100% of their claimed wages and 100% of the liquidated damages allowed by law even after the claimed fee and litigation expenses are deducted. In fact, the only way Plaintiffs could do any better at trial would simply be to receive more in attorneys' fees. But then, under their fee agreement with their counsel, the Plaintiffs would receive no personal benefit as the additional fee award would belong to their counsel. Therefore, the fee apportionment in the settlement agreement should not be disturbed.

A 40% contingency fee interest is regular and customary in Fair Labor Standards Act collective actions such as this case. *See, e.g.*, *Sarabia v. Spitzer Indus., Inc.*, No. Civ. A. 4:17-CV-2092, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018) (Ellison, J.) (approving 40% and stating that a 40% fee "is in line with that approved in other FLSA cases."). In fact, courts in the Fifth Circuit regularly approve a 40% contingency fee to the Plaintiffs' counsel. *See id*.; *see also., Sterling v. Greater Hous. Transp. Co., et al.*, No. Civ. A.: 4:20-cv-00910 (S.D. Tex. Apr. 19, 2022) (Dkt. 150) (Rosenthal, J.) (approving 40% fee award to Plaintiffs' counsel in FLSA collective action); *Green-Johnson v. Fircroft*, et al., No. Civ. A. 4:12-cv-01307 (S.D. Tex., April 3, 2013) (Rosenthal, J.) (approving 40% fee award to Plaintiffs' counsel in FLSA case); *Hamilton v. Enersafe, Inc.*, No. Civ. A. 5:15-CV-965-JKP, 2020 WL 12029225 (W.D. Tex. Feb. 7, 2020) (same); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc.*; No. Civ. A. 1:12-cv-00243 (W.D. Tex., Oct. 8, 2013) (Doc. 71); (same); *Covey, et al. v. Iron Cactus, et al.;* No. Civ. A. 1:12-cv-00111-SS (W.D. Tex. Aug. 6, 2013) (same); *Sandras v. Expeditors & Prod. Serv. Co.*, No. Civ. A. 16-0239, 2019 WL 658819 (W.D. La. Feb. 13, 2019) (same); *Venable v. Am.*

*Consulting & Testing, Inc.*, No. Civ. A. 6:20-CV-1232 (W.D. La. Feb. 25, 2022) (same); *Ellis v. Baptist Mem'l Healthcare Corp.*, No. Civ. A. 3:18-CV-73-SA-JMV, 2021 WL 1206408 (N.D. Miss. Mar. 30, 2021) (same); *Karim v. Finch Shipping Co.*, Ltd. 233 F. Supp. 2d 807, 811 (E.D. LA 2002) (same).

The fact that the amount claimed slightly exceeds 40% of the total is not a basis for altering the award, particularly where the Plaintiffs are made completely whole by the settlement. In fact, "[i]n FLSA cases in particular, it is commonplace for attorneys' fee awards to greatly exceed the amount of the plaintiff's recovered unpaid wages." *Pittman v. Sw. Bell Tel. L.P.*, No. SA-20-CA-01262-XR, 2022 WL 20508220, at *4 (W.D. Tex. Aug. 16, 2022) (collecting cases). Here, the amount sought merely slightly exceeds the 40% contingency that would apply had the outcome not be so completely favorable to the Plaintiffs. That is not grounds to depart from the fee apportionment in the settlement agreement.

### C.   The settlement should be approved by the Court.

The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendants, and Defendants' counsel. The settlement was negotiated at arms' length through counsel with the assistance of a mediator. The parties entered into the settlement agreement voluntarily and knowingly.

Ultimately, there can be no question that this settlement represents fair value for the claims raised by Plaintiff. Indeed, the amounts recovered by the Plaintiffs under the settlement represent full compensation for all damages claimed and the fee sought is just slightly higher than 40%—except the Defendants are paying the fees, not the Plaintiffs who instead recover all amounts claimed *net* of fees and expenses.

## III.  CONCLUSION

The terms of the settlement have been approved by Plaintiffs, their counsel, Defendants, and Defendant's counsel.  The settlement was negotiated at arms' length by experienced counsel. The Parties entered into the settlement agreement voluntarily and knowingly.  The Parties agree that the terms of the settlement are reasonable, fair and just, and they settle all claims in this lawsuit. Accordingly, the Plaintiffs request that the Court approve the FLSA settlement. As part of the settlement, Plaintiffs requests that following approval the Court dismiss the case with prejudice.

Respectfully submitted,

**WYLY & COOK, PLLC**

By:  /s/ *Kelly E. Cook*

Warren A. Berlanga
wberlanga@wylycooklaw.com
State Bar No. 24085199
S.D. Tex. Bar No: 2611869
Kelly E. Cook
kcook@wylycooklaw.com
State Bar No. 24062675
S.D. Tex. Bar No: 1022069
1415 North Loop West, Suite 1000
Houston, TX 77008
Telephone: (713) 236-8330
Facsimile: (713) 863-8502
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rdday of July 2024 a copy of the foregoing was served on any counsel of record for Defendants through the Court's CM/ECF system, and was also served U.S. CMRRR and electronic mail on:

/s/ *Kelly E. Cook*

## **CERTIFICATE OF CONFERENCE**

      I certify that I have conferred with Counsel for Defendants and Defendants are unopposed to the relief sought in this Motion.

<em>/s/ Kelly E. Cook</em>